IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
PIKEVILLE DIVISION

**Eastern District of Kentucky**
**F I L E D**
MAY 2 5 2010
AT PIKEVILLE
LESLIE G. WHITMER
CLERK, U.S. DISTRICT COURT

KENNETH A. ROWE,  }
 }
    Plaintiff,  }
 }
v.  }    Civil No.   7. 10 - C V - 66 - A R T
 }            Jury Demand
STEPHEN W. OWENS,  }
d/b/a Stephen W. Owens, Attorney at Law  }
237 Second Street  }
Justice Building, Second Floor  }
Pikeville, Kentucky 41502  }
 }
    Defendant.  }

## COMPLAINT

Comes the Plaintiff in this cause and sues the Defendant, and for cause of action says:

### I. PARTIES

1. Plaintiff is a citizen and resident of the State of Tennessee, residing at 1234 Owens Lane, Dandridge, Jefferson County, Tennessee, 37725.

2. Defendant is a citizen and resident of the Commonwealth of Kentucky, and is a licensed attorney whose business office is located at 237 Second Street, Justice Building, Second Floor, Pikeville, Kentucky 41502.

### II. JURISDICTION

3. Jurisdiction in this civil matter is based upon the complete diversity of citizenship between the parties. The amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) under 28 U.S.C. § 1332.

4. Venue is proper in this court because the cause of action as described herein occurred in Pike County, Kentucky.

## III. FACTS

5. In or about 2006, Plaintiff retained Defendant Owens to represent Plaintiff in a civil lawsuit.

6. The grounds for said lawsuit included defamation of character and slander.

7. The Defendants in said lawsuit were Manfred Newsome and Richard Damron.

8. On June 20, 2006, Defendant Owens filed a civil complaint in the United States District Court for the Eastern District of Kentucky, Eastern Division, styled **Kenneth Rowe v. Manfred Newsome & Richard Damron & Unknown Defendants**, Civil Action Number 7:06-CV-128-ART-EBA.

9. The gravamen of said lawsuit was that the named defendants Newsome and Damron had each made several false, slanderous, and defamatory comments regarding the Plaintiff. These comments were that Newsom and Dandridge, on February 9, 2006, in Pike County, Kentucky, had heard the Plaintiff make statements threatening a state prosecutor and a judge. The lawsuit filed by Defendant Owens further stated that, because of these false, slanderous and defamatory statements of Newsom and Damron, the Plaintiff was subjected to criminal prosecution and "public contempt, hatred and ridicule."

10. Said case was tried to a jury beginning on June 4, 2008, with Defendant Owens representing the Plaintiff at the trial.

11. One crucial part of the Plaintiff's case were the Plaintiff's telephone records, which would have demonstrated conclusively that the Plaintiff was not in Pike County, Kentucky, on February 9, 2006, the date that Newsom and Dandridge stated they had heard these statements.

12. Defendant Owens, at the time of the trial, had said telephone records in his possession, but, inexplicably, failed to introduce them into evidence at the trial.

13. During deliberations, the jury asked if they could see the Plaintiff's telephone records of February 9, 2006. The trial judge responded to the question by saying, "No. You can only review what is in evidence and there are no exhibits."

14. On June 5, 2008, the jury returned a verdict for the defense and Plaintiff's case was dismissed.

15. In its verdict, the jury found that Newsom and Damron had made the statements attributed to them, that the statements "would tend to expose a person to public hatred, ridicule, contempt, or disgrace, or induce an evil opinion of him in the community," but they found that the Plaintiff had not proven that the statements were false.

16. The Defendant failed to take any measures necessary to correct his malfeasance and neglect, including failing to file a motion for new trial or an appeal of the verdict.

17. Defendant Owens continued to represent the Plaintiff in the same or related matters until June of 2009.

18. The Defendant's legal representation of the Plaintiff created numerous duties to his client, including a duty to zealously represent his client and a duty to utilize his best professional skills to properly and adequately represent his client.

COUNT I

PROFESSIONAL NEGLIGENCE

19. The Defendant failed to zealously and adequately represent his client and thereby deviated from the standard of care to which lawyers must adhere. The Defendant's deviations from that standard of care caused damage to the Plaintiff for which the Defendant is liable.

COUNT II

BREACH OF CONTRACT

20. The Plaintiff contracted with the Defendant for legal representation in the above-referenced lawsuit and paid a substantial retainer to the Defendant. The Defendant breached this contract by failing to adequately and properly represent the Plaintiff in said lawsuit. The Defendant's breach of contract caused damage to the Plaintiff for which the Defendant is liable.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the following relief:

a.      That this Complaint be received and filed and that proper process issue and be served upon the Defendant requiring him to answer in the time and manner prescribed by law;

b.      An award of compensatory damages for Plaintiff in the amount of $100,000.00;

c.      Disgorgement of legal fees paid to Defendant by Plaintiff;

d.      An award of pre-judgment interest;

e.      An award of discretionary costs and court costs;

f.      A jury to try this cause; and

g.      Such other and further general relief as shall be deemed reasonable and necessary.

KENNETH L. ROWE

By: _____
RANDALL E. REAGAN
BPR No. 005995
Attorney for Plaintiff
706 Walnut Street, Suite 905
Knoxville, Tennessee 37902
(865) 637-8505